**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| LESLIE CHAVEZ and LINDSEY DELGADO, | ) | |
| | ) | 21 CV 1720 |
| Plaintiffs, | ) | |
| | ) | Honorable Mary M. Rowland |
| The CITY OF CHICAGO, Illinois, a municipal | ) | |
| Corporation, IVAN AVILES (#19579), TYLER | ) | Magistrate Judge Cox |
| FOKAS (#19036), NOAH LAPPIN (#19710), and | ) | |
| DAANISH WAUDIWALA (#19418), | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

NOW COME Plaintiffs LESLIE CHAVEZ and LINDSEY DELGADO (hereinafter referred to as "Plaintiffs"), by and through their attorney, Julian Johnson, for Plaintiff's Complaint and Jury Demand against Defendants IVAN AVILES, TYLER FOKAS, N.L. LAPPIN, D.G. WAUDIWALA and the CITY OF CHICAGO, Illinois, a municipal corporation, states as follows:

## JURISDICTION & VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331 and §1367.

3. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted in this Complaint occurred within this district.

## PARTIES

4. Plaintiffs, LESLIE CHAVEZ and LINDSEY DELGADO, are residents of Chicago, Illinois.

5. At all relevant times, Defendants IVAN AVILES, TYLER FOKAS, N.L. LAPPIN, D.G. WAUDIWALA were CITY OF CHICAGO Police Officers, employed by Defendant CITY OF CHICAGO, acting under color of law and within the course and scope of their employment.

6. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of the incident in this case, was the employer and principal of Defendants IVAN AVILES, TYLER FOKAS, N.L. LAPPIN, D.G. WAUDIWALA. Should Plaintiff prevail on his claims, Defendant CITY OF CHICAGO must indemnify Defendants IVAN AVILES, TYLER FOKAS, N.L. LAPPIN, and D.G. WAUDIWALA on Plaintiff's claims pursuant to 735 ILCS 10/9-102.

**FACTS**

7. On September 19, 2020, Plaintiffs joined other individuals, the vast majority of whom were women, at the Mexican Consulate located at 204 South Ashland in Chicago.

8. Plaintiffs and the other individuals gathered at the Mexican Consulate for a peaceful, non-violent protest to bring attention and awareness to violence against women in Mexico.

9. Defendants AVILES, LAPPIN, FOKAS, and WAUDIWALA and other Chicago Police officers responded to the consulate.

10. Before Chicago Police officers arrived at the consulate, the protest had remained peaceful and there had been no reports of any protestor engaging in any actions of violence.

11. Chicago Police officers, including Defendants AVILES, LAPPIN, FOKAS, and WAUDIWALA formed a line with their bicycles.

12. Defendant AVILES took his bicycle and hit Plaintiff CHAVEZ with it several times.

13. Plaintiff CHAVEZ complained to Defendant AVILES about being violently struck with his bicycle.

14. Plaintiff proceeded to leave to get away from Defendant AVILES' use of excessive force.

2

15. Defendant AVILES proceeded to run after Plaintiff CHAVEZ and instructed other officers to do the same.

16. Defendants FOKAS, LAPPIN, and WAUDIWALA ran after Plaintiff CHAVEZ with Defendant AVILES.

17. As Defendant AVILES ran after Plaintiff Chavez, he drew his taser to tase Plaintiff Chavez.

18. When other protestors put their bodies in front of Plaintiff Chavez to protect her, Defendant AVILES holstered his taser.

19. Defendants FOKAS, LAPPIN, WAUDIWALA, and AVILES cornered Plaintiff CHAVEZ by a fence.

20. Defendant AVILES struck Plaintiff CHAVEZ several times in the back of the head as Plaintiff CHAVEZ was handcuffed on the ground and he was on top of Plaintiff CHAVEZ.

21. Defendant AVILES kneed and kicked Plaintiff CHAVEZ.

22. Defendant AVILES choked Plaintiff CHAVEZ.

23. Defendant AVILES repeatedly smashed Plaintiff CHAVEZ'S face into the ground.

24. Defendant FOKAS observed Defendant AVILES use of excessive force on Plaintiff and did nothing to intervene and stop the unlawful conduct.

25. Defendant FOKAS dragged Plaintiff CHAVEZ by their legs across the concrete. Plaintiff CHAVEZ was wearing a dress and their legs were exposed when Defendant FOKAS dragged them.

26. Other women saw the brutality that was being inflicted upon Plaintiff CHAVEZ and complained to the police to stop beating Plaintiff CHAVEZ.

27. Chicago police officers proceeded to use excessive force on those women.

28. When Plaintiff DELGADO complained about how Plaintiff CHAVEZ was being brutalized, Defendant LAPPIN used excessive force on Plaintiff Delgado and arrested her.

29. After arresting Plaintiffs CHAVEZ and DELGADO, Chicago Police Officers began to make disparaging comments about Plaintiff CHAVEZ.

30. Defendant FOKAS referred to Plaintiff CHAVEZ as a "bitch."

31. Defendant FOKAS also made disparaging comments about Plaintiff CHAVEZ'S weight.

32. One officer referred to Plaintiff Chavez as a "bitch" and told Defendant AVILES that if he had been injured, he "would've broken [Plaintiff CHAVEZ'S] jaw."

33. After Defendants FOKAS, LAPPIN, WAUDIWALA, and AVILES arrested Plaintiffs, they decided to intentionally delay processing Plaintiffs' arrests and to hold them for the full 48 hours they were allowed to under the law as retribution and punishment for the protest.

34. Defendants FOKAS, LAPPIN, WAUDIWALA, and AVILES intentionally delayed processing Plaintiffs' arrests and releasing Plaintiffs from the police station and held them in custody for 42 hours. Defendants FOKAS, LAPPIN, WAUDIWALA, and AVILES could have processed and released Plaintiffs CHAVEZ and DELGADO from custody within a few short hours after their arrests but chose not to because they wanted to punish Plaintiffs.

35. During the time that Defendants FOKAS, LAPPIN, WAUDIWALA, and AVILES intentionally delayed in releasing Plaintiff CHAVEZ and DELGADO, lawyers and elected officials came to the police station to inquire as to why they were still being held.

36. Alderman Byron Sigcho-Lopez called, as well as came to, the police station and asked why Plaintiffs CHAVEZ AND DELGADO were being held for so long and demanded their release.

37. Alderman Sigcho-Lopez's complaints were disregarded.

38. Alderman Sigcho-Lopez called Cook County State's Attorney Kim Fox and asked if she could assist in getting Plaintiffs CHAVEZ and DELGADO released.

39. Upon information and belief, State's Attorney Kim Fox personally called the Chicago Police and asked why Plaintiffs CHAVEZ and DELGADO were being held for so long.

4

40. After repeated calls and complaints, Plaintiffs were finally released at 7am on September 21st.

41. Plaintiffs suffered physical injuries as well as emotional damages as a result of the unlawful conduct engaged in by Defendants FOKAS, LAPPIN, WAUDIWALA, and AVILES.

### COUNT I
### 42 U.S.C. § 1983 – Excessive Force
### All Plaintiffs Against Defendants FOKAS, AVILES & LAPPIN

42. Each of the foregoing paragraphs is incorporated as if fully restated herein.

43. As described in the above paragraphs, Defendants FOKAS, LAPPIN, and AVILES used excessive force against Plaintiff CHAVEZ and DELGADO, thus violating their rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. Section 1983.

44. The actions of Defendants LAPPIN, FOKAS, and AVILES were intentional and committed with reckless disregard for Plaintiffs' rights.

45. As a direct and proximate consequence of Defendants LAPPIN, FOKAS and AVILES' misconduct, Plaintiffs suffered damages, including emotional distress, pain and suffering and, other damages which will be proven at trial.

**WHEREFORE,** Plaintiffs demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

### COUNT II
### 42 U.S.C. § 1983 – Conspiracy
### All Plaintiffs Against Defendants FOKAS, LAPPIN, WAUDIWALA, and AVILES

46. Plaintiffs reallege and incorporate paragraphs 1-45 as fully stated herein.

47. As described more fully above, Defendants FOKAS, LAPPIN, WAUDIWALA, and AVILES reached an express or implied agreement to violate Plaintiffs' constitutional rights as described in the preceding paragraphs.

5

48. In furtherance of the conspiracy, each of the co-conspirators committed overt acts or omissions and was an otherwise willful participant in joint activity.

49. The misconduct described in this Count was undertaken with willfulness or reckless indifference to the rights of Plaintiffs.

50. As a direct and proximate consequence of Defendants FOKAS, LAPPIN, WAUDIWALA, and AVILES conduct, Plaintiffs suffered damages, including emotional distress, pain and suffering and, other damages which will be proven at trial.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**COUNT III**
**42 U.S.C. § 1983 – Unlawful/Excessive Detention**
**All Plaintiffs Against Defendants FOKAS, LAPPIN, WAUDIWALA, and AVILES**

51. Plaintiffs realleges and incorporates paragraphs 1-45 as fully stated herein.

52. Defendants FOKAS, LAPPIN, WAUDIWALA, and AVILES arrested Plaintiffs without an arrest warrant.

53. Defendants FOKAS, LAPPIN, WAUDIWALA, and AVILES delayed and caused Plaintiffs' release from custody to be delayed by continuing to hold them in the Chicago Police Department lockup.

54. Defendants FOKAS, LAPPIN, WAUDIWALA, and AVILES delayed releasing Plaintiffs from the Chicago Police Department lockup as punishment for the protest.

55. Defendants FOKAS, LAPPIN, WAUDIWALA and AVILES could have released Plaintiffs from custody sooner but chose not to because they wanted to punish Plaintiffs.

56. Said actions of Defendants FOKAS, LAPPIN, WAUDIWALA, and AVILES were unreasonable, intentional, and committed with reckless disregard for Plaintiffs' rights.

57. Plaintiffs were unlawfully and unreasonably held in the Chicago Police Department lockup for forty-two (42) hours when they could have been released within a few hours of their arrest.

58. As a result of the misconduct described in this Count, Plaintiffs suffered loss of liberty and other damages, which will be proven at trial.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

<u>**COUNT IV**</u>
**Illinois State Law – Intentional Infliction of Emotional Distress**
**All Plaintiff's Against All Defendants**

59. Each of the foregoing paragraphs is incorporated as if fully FOKAS, LAPPIN, WAUDIWALA, and AVILES, and the CITY OF CHICAGO, through its agents and employees, was extreme and outrageous in numerous ways, as stated more fully in and throughout this Complaint.

60. Defendants FOKAS, LAPPIN, WAUDIWALA, and AVILES, and the CITY OF CHICAGO, through its employees and agents, intended to inflict severe emotional distress on Plaintiffs.

61. Defendants FOKAS, LAPPIN, WAUDIWALA, and AVILES, and the CITY OF CHICAGO, through its employees and agents, knew that their misconduct had a high probability of inflicting severe emotional distress on Plaintiffs.

62. Defendants FOKAS, LAPPIN, WAUDIWALA, and AVILES, and the CITY OF CHICAGO, through its employees and agents, misconduct caused Plaintiffs to experience severe emotional distress.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**COUNT V**
**Indemnification**
**Against the CITY OF CHICAGO**

63. Each of the foregoing paragraphs is incorporated as if fully restated herein.

64. At all relevant times, Defendant CITY OF CHICAGO was the employer of the Individual Defendants.

65. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the course and scope of their employment activities.

66. The Individual Defendants committed the alleged acts under the color of law and in the course and scope of their employment with the CITY OF CHICAGO.

67. As a proximate cause of the Individual Defendants' unlawful acts, which occurred within the course and scope of their employment activities, Plaintiffs suffered physical, monetary, and emotional injuries.

**WHEREFORE,** should the Individual Defendants be found liable, Plaintiffs demand judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

**DATED**: December 15, 2021                    Respectfully Submitted,

Leslie Chavez & Lindsey Delgado, Plaintiffs

By:     /s/ Julian Johnson
        Plaintiffs' Attorney
        Julian Johnson
        The Law Office of Julian Johnson
        55 East Monroe Street, Suite 3800
        Chicago, Illinois 60603

8

Phone: 312-487-1711
julian@julianjohnsonlaw.com